**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREGORY YOUNG II,**

    **Petitioner,**　　　　　　　　　　　**CASE NO. 2:11-CV-00775**
　　　　　　　　　　　　　　　　　　　**Judge Sargus**
    **v.**　　　　　　　　　　　　　　**Magistrate Judge King**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Gregory Young II has filed a "Petition for a Writ of Habeas Corpus *ad subjiciendum*."[1] This matter is before the Court for preliminary consideration of the action under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. For the reasons that follow, the Court **RECOMMENDS** that the action be **DISMISSED**. The Court **FURTHER RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis*, Doc. 13, motion to expand the record, Doc. 15, motion for the appointment of an expert, Doc. 16, and motion for release on bail, Doc. 17, be **DENIED**.

## FACTS

Petitioner does not bring this action on his own behalf but instead seeks to challenge the legality of the June 5, 2005, conviction of his father, Gregory Young, Sr., on charges of possession with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 100 grams or more of cocaine. *See United States v. Young,* No. 2:04-CR-218 (S.D. Ohio). Petitioner asserts that numerous constitutional violations took place during his father's trial and

---

[1] The action was originally filed with the United States District Court for the Southern District of West Virginia. That Court directed that the case be filed as one arising under 28 U.S.C. §2255 and subsequently transferred the action to this Court. *Order,* Doc. No. 11.

sentencing, including perjury and prosecutorial misconduct. Petitioner contends that his father's conviction is therefore invalid; Petitioner also contends that, because of his father's wrongful conviction, he – *i.e.*, Gregory Young II – has suffered childhood trauma and deprivation.

Petitioner labels this action as a petition for a writ of Habeas Corpus *ad subjiciendum*, a term also known as "The Great Writ." The Great Writ was historically utilized to inquire into the cause of a person's detention. *Stone v. Powell*, 428 U.S. 465, 475 n. 6 (1976). In recent years, the procedure has been codified in the provisions of 28 U.S.C. §§ 2241-2255. *Id.* Thus, Petitioner's petition for a writ of habeas corpus *ad subjiciendum* is not separately cognizable; this Court therefore construes Petitioner's motion as a petition for a writ of habeas corpus under 28 U.S.C. §

2241,[2] *see Stantini v. United States*, 986 F.Supp. 736, 739 (E.D. Mich. 2006), and 28 U.S.C. §2242,[3] *see Whitmore v. Arkansas,* 495 U.S. 149, 162.       That said, the provisions of the habeas corpus statutes do not entitle Petitioner to the relief that he seeks.

Petitioner is neither in custody under the convictions he seeks to challenge, nor does Petitioner have standing to file a habeas corpus petition on his father's behalf.  *See Whitmore,* 495 U.S.164 (in order to have standing as a "next friend," a litigant must affirmatively establish that the actual petitioner is unable to litigate his own claim and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate"). Gregory Young, Sr., has filed his own motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  *Gregory R.*

---

[2]  28 U.S.C. 2241 provides in relevant part:

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

\*\*\*

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless–

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

[3] 28 U.S.C. §2242 provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

*Young v. United States of America,* 2:08-CIV- 707; 2:04-CR-218 (S.D. Ohio).  The record does not establish that Gregory Young, Sr., is unable to effectively litigate his own claims.

Because Gregory Young II is not entitled to habeas corpus relief on his own behalf under 28 U.S.C. §2241 and lacks standing to pursue relief on his father's behalf under 28 U.S.C. § 2242, it is **RECOMMENDED** that this action be **DISMISSED**.

It is **FURTHER RECOMMENDED** that Petitioner's motion to proceed *in forma pauperis*, Doc. 13, motion to expand the record, Doc. 15, motion for the appointment of an expert, Doc. 16, and motion for release on bail, Doc. 17, be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ Norah McCann King_  
Norah McCann King  
United States Magistrate Judge

September 19, 2011